## SUPREME COURT.

HENRIETTA ABRAHAMS, respondent, agt. CHARLES B. BEN-SEN, survivor, appellant.

*Venue — Where place of trial has been changed on application of a codefendant, and acquiesced in by the sheriff, the other defendant, under what circumstances it will be retransferred on application of defendant sheriff.*

Where the place of trial of an action, begun in Rockland county, against the sheriff of that county, and a codefendant, for acts done by the sheriff in his official character, has been changed on application of the codefendant, acquiesced in by the sheriff to New York, and the case has been there tried twice, yet it being now shown that the codefendant has died insolvent; that the cause of action arose in Rockland county; that both parties and a large number of the witnesses reside there, and considering the condition of the calendar in the two counties:

Abrahams agt. Bensen.

*Held*, that the action, on application of defendant, should be retransferred to Rockland county, as well for the public interests as for the private interests of the parties.

*First Department, General Term, May,* 1880. *Adjourned to September* 7, 1880, *when the application was argued and decided November,* 1880.

APPEAL from an order of the special term denying a motion to change the place of trial from the county of New York to the county of Rockland.

The action was brought in Rockland county, in July, 1875, against Elkin Hyman and Charles B. Bensen, to recover $6,000 damages for a trespass in taking the property of the plaintiff. Bensen was then sheriff of Rockland county, and Hyman obtained an attachment against the property of Abrahams, otherwise calling himself S. L. Goldberg, the husband of the plaintiff, and directed it to Mr. Bensen as sheriff, who, by virtue of which took certain property in the town of Haverstraw, Rockland county, which the plaintiff claimed was her property.

The answer of Hyman charged that it was not her property; that her husband had done business under the name of S. L. Goldberg; had failed; had clandestinely disappeared from his creditors, and was found two years afterwards at Haverstraw, doing business in his wife's name; and that there was fraud and collusion between the plaintiff and her husband to cheat and defraud his creditors, and to hide his property from them.

The sheriff knowing nothing of these matters interposed the usual answer, that he had taken the property by virtue of legal process directed to him as sheriff, and relied upon the answer of his codefendant as to the fraud and justification.

Mr. Hyman obtained a verdict and judgment in his action against plaintiff's husband, after a trial before a jury; execution was issued to sheriff Benson; the property sold, the

proceeds paid to Mr. Hyman, and the sheriff paid his legal fees. For a time both Hyman and Bensen were represented by George F. Langbein, Esq., as their attorney, but shortly after Hyman had an attorney substituted for himself, and moved to change the place of trial from Rockland county to New York county for the convenience of his witnesses, without giving any notice thereof to Mr. Bensen. This motion the plaintiff opposed, she making an affidavit that it was for the convenience of her witnesses to have the trial in Rockland county. Mr. Hyman succeeded, and the place of trial was changed to New York county, Mr. Bensen having received no notice, and not appearing or being heard on the motion ; neither was a copy of the order ever served upon him or his attorney.

After that Hyman went to Denver city, Colorado territory, very sick in health, and pecuniarily worthless. Plaintiff took an inquest in New York county, which was opened by Mr. Bensen, who prepared to defend in chief. Mr. Hyman refused to leave Denver city unless the trial was had in New York county. A trial was then had in New York county before justice DONOHUE and a jury, commencing January 29, 1878, and ending March 5, 1878, over one month, the trial occupying ten actual days. The jury failed to agree upon a verdict.

Mr. Hyman then died, May 1, 1878. Whereupon Mr. Bensen made a motion to change the place of trial back to Rockland county upon the facts showing the illegality of the order removing it. This motion was denied upon the ground that it must be made and heard in the second department.

Upon the motion being made there, judge DYKMAN set aside the order as null and void, holding that Mr. Bensen had never had his day in court concerning it, thus removing the place of trial back to Rockland county. From this order the plaintiff appealed, and the general term, sitting at Brooklyn, reversed the order of judge DYKEMAN. The defendant Bensen then appealed to the court of appeals, and that court

dismisssed the appeal upon the ground that he had acquiesced in the illegal order by going to trial upon it (*See the appeal reported in* 76 *N. Y. Reps., p.* 629). Another trial was then had in New York county before justice LAWRENCE and a jury, commencing December 3, 1879, and ending December 12, 1879, lasting full nine days, when the jury for the second time failed to agree upon a verdict. Justice LAWRENCE said to counsel in discharging the jury : " It would be cheaper for the county of New York, and it would save money, to pay the plaintiff's claim, rather than have the expense of another trial."

Mr. Bensen then moved, upon all these facts, to change the place of trial back to Rockland county, claiming that he had been put to enormous expense and to very great inconvenience to himself and his witnesses, by reason of the two trials in New York county; that the plaintiff and her attorney, the defendant and his counsel, Cornelius Hoffman, Esq., and a majority of the witnesses, resided at Haverstraw and Nyack, and other places in Rockland county, and that another trial in New York county would be a terrible strain upon him, and would be very expensive and of great inconvenience to these numerous witnesses; that many of them were public officials, a justice of the court of sessions, a justice of the peace, and lawyers and merchants of Haverstraw; that he had had great labor, trouble and difficulty to keep all these witnesses in New York county continuously so many days, and was often in jeopardy of losing their testimony; he dreaded that, upon a third trial in New York county, he would lose the testimony of some of them and have greater trouble, difficulty, inconvenience and expense than he had before, and gave some instances of facts of some of the witnesses refusing to atteud in New York a third time for a third trial.

This motion was denied, upon the ground that the decision of the motion in the second department disposed of this, and from this order Mr. Bensen appealed.

*George F. Langbein*, attorney and counsel for sheriff Bensen, made and argued the following points :

I. This motion was founded on facts occurring *after* the decision in the second department.  That motion was to set aside the order removing the trial to New York county as null and void, and not to change it back to Rockland county for the convenience of witnesses ; that Mr. Bensen had never had a hearing upon such a motion, and that not even upon this motion had this been passed upon, but it had been denied upon the erroneous idea that it has been passed upon by the decision in the second department.  This was a motion to save the expense and inconvenience of a third trial in New York county.

II. That the convenience of witnesses and ends of justice demand a change of trial to Rockland county, pursuant to section 987, subdivision 3 of the Code of Civil Procedure. The plaintiff herself had opposed the change from Rockland county to New York county, upon the motion of Mr. Hyman, upon the ground of the convenience of her witnesses, although she now opposed it and now claimed otherwise.  That her present affidavit was inconsistent with her former affidavit, which had showed seventeen witnesses residing in Rockland county, while she only made out seven now, while twelve witnesses of the defendant lived in the same county, and that it now appeared that nineteen witnesses, living, residing and doing business in the towns in Rockland county, had been examined upon the two trials, and would have to be examined on the third trial, many of them being public officers whose time, labor and presence was required in the public service by the people of Rockland county.

III. The ends of justice will be promoted by a change of the place of trial to Rockland county.  (1.) Mr. Bensen had the expense and inconvenience of himself and his witnesses away from home for two trials in New York county.  (2.) He had an absolute statutory right to have the trial in Rockland county.  (3.) The act occurred there.  (4.) It was done

by him as sheriff by virtue of his office. (5.) The place of trial had been fixed by the complaint in Rockland county. (6.) The action had been noticed for trial there. (7.) The plaintiff and her lawyer, and the defendant and his counsel, reside there. (8.) Seven of plaintiff's witnesses and twelve of defendant's witnesses reside there. (9.) A trial in Rockland county will be less expensive and more agreeable and convenient to the witnesses. (10.) Mr. Bensen would not be in jeopardy of losing the testimony of any of his witnesses. (11.) Two New York county juries have failed to agree upon a verdict. (12.) A jury of Rockland county citizens can best determine the credibility of the Rockland county witnesses. (13.) It will be a great saving of expense to the county of New York, and great convenience to suitors in the New York circuit, whose cases have been delayed for weeks at a time, to have this case next tried in Rockland county. (14.) From the nature and facts, and the peculiarities of this case, the trial should be had in Rockland county. (15.) New York county has had the expense of two trials without result ; now let the county of Rockland, which should rightfully have had the expenses, have the expense of the third trial as a matter of justice and convenience to the county of New York. (16.) Justice Lawrence said it would be cheaper for the county of New York to pay the claim than have another trial here. (17.) There is no claim or pretense that the plaintiff will not have a fair, impartial trial before a court and jury in Rockland county, or that any injustice will be done her.

IV. The change of the place of trial was in the discretion of the court. The plaintiff has had two chances before New York county juries. Mr. Bensen should now have a chance before a jury in Rockland county, where the trial by right belonged. The plaintiff's two opportunities in New York county have nearly ruined Mr. Bensen in expense in a matter in which he had no interest except as an officer of the government in obeying a mandate of this court. For this he received only his legal fees and he has no indemnity. The whole case

is a Rockland county affair and it will be an act of justice to Mr. Bensen to have the case disposed of in the county and by the county where the trouble originated. In view of all the facts, he begs this court to exercise its discretionary power in his favor and further the " ends of justice" by relieving him from the oppressive burthen of a third trial in New York county. Even public interests, considering the over-crowded condition of our circuit calendars, requires it; convenience, expediency and the public interests will be better subserved by the trial of this action in Rockland county rather than in New York county.

*George W. Weiant,* attorney for the plaintiff, of Haverstraw, Rockland county, and *George H. Forster,* of counsel, of New York, in opposition, made.and argued the following points :

I. The question is *res judicata.* 1st. The order removing the case to New York county made by judge TAPPAN, December 14, 1875. 2d. The order of judge DONOHUE refusing a change, June 5, 1878. 3d. The order of the general term, second department, December 13, 1878. 4th. The order of the court of appeals sustaining the general term. Either of these orders is conclusive of the place of trial. After three determinations of the question, the defendant is legally bound to be satisfied.

II. The order of December 14, 1875, removing the place of trial to New York county was not appealed from. It was acquiesced in for more than two years, and then, when questioned, was sustained by the general term. Motions were made in New York county. Sheriff Bensen's answer was amended there and two trials had there. He could not wait for years and then, when it suited his purposes, ask the court to change the place of trial. There was a judgment against Hyman here which he had never opened.

III. As to the witnesses who reside at Haverstraw, it was more convenient and less expensive to attend a trial at New York city than at New City, in Rockland county. The trials

of the case and the witnesses examined show that a majority of them reside in New York or Westchester county.

IV. After sheriff Bensen's acquiescence in the orders of December 14, 1875, June 5 and December 13, 1878, his change of purpose does not justify any further action by the court.

V. No demand to change the place of trial back to Rockland was ever made.

VI. On the merits, the order of judge Donohue appealed from was right. The proceedings in the second department, following the order of June 5, 1878, were not only conclusive upon him, but rightfully disposed of the question. The merits have been passed on more than once; but if they were open (as they are not), the place of trial should not be changed.

Davis, *P. J.* — This action was brought in Rockland county, the plaintiff and the surviving defendant residing there. The latter was sued to recover possession of goods seized by him under an attachment sued out by one Hyman, who was a codefendant. It seems that Hyman undertook the defense of the action, and the sheriff, in effect, entrusted the defense to him. Hyman moved, in the second district, to change the place of trial from Rockland to New York for the convenience of witnesses. The plaintiff resisted the motion, but it was granted. The sheriff claims that this motion was made and granted without his assent or knowledge. He afterwards moved to vacate the order, which was done, but on appeal the general term of the second department reversed the order of the special term, on the ground that the sheriff had acquiesced in the change of place of trial, and was, therefore, too late on his motion. The case has been twice tried in the city of New York, the first trial occupying ten days and the second nine days, and each resulting in a disagreement of the jury.

The original motion to change the place of trial from

Rockland to New York obviously ought not to have been granted, but it seems equally clear that the general term was right in holding that acquiescence had cured the error.

We cannot, therefore, grant this motion, on the ground that the place of trial ought to have been retained in Rockland county. The only question is whether, under the peculiar circumstances now existing, the change ought not to be made.

Both of the present parties reside in Rockland county. The defendant is prosecuted for acts done in his official character as sheriff. His codefendant is dead, and is shown to have died insolvent.

The cause of action arose wholly in Rockland county. A large number if not the most of the witnesses on both sides reside in that county. Two trials have already been had in New York, both of which have resulted in the disagreement of the jury. Nearly three weeks of the time of our courts has already been taken up with the trials. The defendant swears that it will be almost if not quite impracticable to procure the attendance of his witnesses in the city of New York again. It is obvious, we think, that it will be convenient for the witnesses on both sides to attend a retrial of this action in Rockland county. And our knowledge of the condition of the calendar in the two counties satisfies us that less delay will attend a trial in Rockland of an issue so old as this, than must attend its trial in the city. Besides, we think it is our duty to consider the state of business in the circuits of New York, and the great length of time already lost by the courts of New York in the trials that have already been had.

On full consideration, we think that the private interests of the parties and the ends of justice, as between them, will be fully as well served by a trial in Rockland as in New York, and that the public interests will be better served if the change be made. We think, therefore, that the order of the court below should be reversed and an order entered

changing the place of trial to Rockland county, without costs to either party of the motion on this appeal.

BARRETT, J., concurs.

NOTE. — An order was thereupon entered changing the place of trial back to Rockland county, and directing the New York county clerk to forthwith deliver to the clerk of Rockland county all the papers and documents in this action on file in his office, pursuant to section 988 of the Code of Civil Procedure. [REP.